On appellant's petition for reconsideration filed August 5, reconsideration allowed, former opinion (272 Or App 413, 358 P3d 294) modified and adhered to as modified September 30, petition for review denied December 10, 2015 (358 Or 449)

In the Matter of C. M. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. C. H.,
*Appellant.*

Lane County Circuit Court
00402J;
Petition Number 00402J05;
A157495 (Control)

In the Matter of C. J. H., IV,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. C. H.,
*Appellant.*

Lane County Circuit Court
11551J;
Petition Number 11551J04;
A157496

In the Matter of K. D. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. C. H.,
*Appellant.*

Lane County Circuit Court
11552J;
Petition Number 11552J04;
A157497

361 P3d 610

Daniel J. Casey for appellant's petition.

Before Nakamoto, Presiding Judge, and Egan, Judge, and Wilson, Senior Judge.

PER CURIAM

## PER CURIAM

Father has petitioned for reconsideration of our opinion in *Dept. of Human Services v. J. C. H.*, 272 Or App 413, 358 P3d 294 (2015), on the basis that we made a factual error in our decision affirming the termination of father's parental rights to three of his children. Specifically, father objects to our concluding paragraph in which we stated:

> "We need not address the merits of father's contention, because allegations (d), (e), (g), (j), and (k) contained in the termination petition are materially indistinguishable from the grounds on which the court asserted jurisdiction over the children. Consequently, father was on notice of those conditions and circumstances since the entry of the jurisdictional judgment. Furthermore, on *de novo* review, we conclude that DHS proved allegations (d), (e), (g), (j), and (k) by clear and convincing evidence and those allegations are sufficient to terminate father's parental rights. Accordingly, we affirm."

*Id.* at 423. Father points out that allegation (j) in the termination petition, which alleged "[f]ailure to protect the children from sexual abuse," was not among the grounds that formed the basis for the juvenile court's taking of jurisdiction over his three children. Consequently, father also requests that we reconsider our decision and conclude that the remaining allegations are not a sufficient basis on which to terminate his parental rights.

Father is correct that allegation (j) in the termination petition is not one of the allegations that is "materially indistinguishable from the grounds on which the court asserted jurisdiction over the children." To remedy that factual error, we modify our opinion to delete reference to allegation (j) in that sentence. With that modification, we also reconsider, on *de novo* review, whether the other "materially indistinguishable" allegations (d), (e), (g), and (k), which DHS proved by clear and convincing evidence, are sufficient to terminate father's parental rights and conclude that they are.

Accordingly, we modify our opinion to delete the original text of our concluding paragraph in *J. C. H.*, 272 Or App at 423, and to substitute in its place the following text:

"We need not address the merits of father's contention, because allegations (d), (e), (g), and (k) contained in the termination petition are materially indistinguishable from the grounds on which the court asserted jurisdiction over the children. Consequently, father was on notice of those conditions and circumstances since the entry of the jurisdictional judgment. Furthermore, on *de novo* review, we conclude that DHS proved allegations (d), (e), (g), and (k) by clear and convincing evidence and those allegations are sufficient to terminate father's parental rights. Accordingly, we affirm."

With that modification, we adhere to our original opinion.

Reconsideration allowed; former opinion modified and adhered to as modified.